IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TAMMY WALSH, | |
|       Plaintiff, | |
| v. | |
| EQUIFAX INFORMATION SERVICES, INC.; EXPERIAN INFORMATION SOLUTIONS, LLC.; FAY SERVICING, LLC; and TRANS UNION LLC, | Case No.    1:18-cv-4385 |
|       Defendants. | |

**COMPLAINT**

NOW COMES the Plaintiff, TAMMY WALSH, by and through her attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendants, EQUIFAX INFORMATION SERVICES, INC.; EXPERIAN INFORMATION SOLUTIONS, LLC.; FAY SERVICING, LLC; and TRANS UNION LLC, as follows:

**NATURE OF THE ACTION**

1.    This action seeks compensatory, statutory, and punitive damages, costs and reasonable attorneys' fees for Defendants' willful and/or negligent violations of the Fair Credit Reporting Act ("FCRA"); 15 U.S.C. § 1681 *et seq.* as well as Regulation X, which implements the provisions of the Real Estate Settlement Procedures Act ("RESPA"), 12 C.F.R. § 1024 *et seq.*

**JURISDICTION AND VENUE**

2.    This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337(a); under 15 U.S.C. § 1681p with respect to Plaintiff's FCRA claims.

3.    This Court has subject matter jurisdiction under 12 U.S.C. § 2614 with respect to Plaintiff's RESPA claims.

4.    Venue is proper as a substantial part of the events or omissions giving rise to the claim(s) occurred in this judicial district.  28 U.S.C. § 1391(b)(2).

## PARTIES

5.    TAMMY WALSH ("Walsh") is a natural person, over 18-years-of-age, who at all times relevant resided at the property located at 25531 West Wacker Drive, Lake Villa, Illinois 60046.

6.    Walsh is a "consumer" as defined by 15 U.S.C. §§ 1681a(b) and (c).

7.    Walsh is a "person" as defined by 15 U.S.C. § 1681a(b).

8.    EQUIFAX INFORMATION SERVICES LLC ("Equifax") is a foreign limited liability company with its principal place of business in Atlanta, Georgia.

9.    Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

10.    Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

11.    EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian") is a foreign corporation with its principal place of business in Costa Mesa, California.

12.    Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

13.    Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

14.    FAY SERVICING, LLC ("Fay Servicing") is a foreign limited liability company with its principal place of business in Chicago, Illinois.

15.    Fay Servicing is a "financial institution" as defined by 15 U.S.C. § 1681a(t).

16.    Fay Servicing is a "furnisher of information" as defined by 15 U.S.C. § 1681s-2.

17.    Fay Servicing is a "person" as defined by 12 C.F.R. § 1024.2.

18.    Fay Servicing is a "servicer" as defined by 12 C.F.R. § 1024.2.

19.    TRANS UNION LLC ("Trans Union") is a foreign limited liability company with its principal place of business in Chicago, Illinois.

20.    Trans Union is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

21.    Trans Union is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

## FACTUAL ALLEGATIONS

22.    On January 31, 2005, Walsh executed a mortgage in favor of Accredited Home Lenders, Inc., a California Corporation ("AHL") (the "Mortgage").

23.    The Mortgage secured the purchase of Plaintiff's personal residence located at 25531 West Wacker Drive, Lake Villa, Illinois 60046 (the "Property").

24.    The Mortgage secured repayment of the indebtedness evidenced by a promissory note for $425,000.00 (the "Loan").

25.    The Loan is a "federally related mortgage loan" as defined by 12 C.F.R. § 1024.2.

26.    JPMorgan Chase Bank, National Association ("Chase") became servicer of the Mortgage.

27.    Walsh defaulted on the Mortgage.

28.    On September 24, 2015, Chase offered Walsh a permanent Home Affordable Modification ("Modification").

29.    The Modification provided, pertinently:

> **PRINCIPAL REDUCTION ALTERNATIVE.** You may be eligible to have some of your principal forgiven on a deferred basis. If you make your monthly mortgage payments on time, we will forgive $27,700.00 of the principal balance of your loan each year on the anniversary of your first trial period payment date for three years.

30.     On October 1, 2015, Walsh accepted Chase's offer by completing and returning the Modification to Chase.

31.     On November 1, 2015, Chase mailed Walsh a Form 1099-C, Cancellation of Debt, cancelling, discharging, or forgiving $83,100.00.[1]

32.     On January 7, 2016, Chase sent Walsh a payment history referencing "principal and interest adjustment" of $83,100.00 and a "current principal balance" of $119,019.62.

33.     On January 8, 2016, the servicing of the Mortgage Loan was transferred from Chase to Fay Servicing, LLC ("Fay Servicing").

34.     On May 28, 2016, Walsh obtained her Trans Union Credit Report only to discover Chase had furnished derogatory and inaccurate information regarding the Mortgage Loan.

35.     Specifically, Walsh discovered Chase falsely reported the status of Walsh's payments as "Unknown" and a monthly payment amount as "$567.00."

36.     On June 4, 2016, Walsh mailed Trans Union a dispute ("Dispute #1"); disputing suppression of payment history and monthly payment amount.

37.     On June 10, 2016, Trans Union received Dispute #1, and purportedly conducted an investigation.

38.     On June 16, 2016, Trans Union mailed Walsh investigation results re-reporting the status of Walsh's payments as "Unknown" and monthly payment amount as "$567.00."

39.     On August 9, 2016, Walsh, through counsel, mailed Fay Servicing a Request for Payoff Statement pursuant to 12 C.F.R. § 1026.36(c)(3), a Request for Information pursuant to 12

---

[1] You receive this form because a Federal Government agency or an applicable financial entity (a creditor) has discharged (cancelled or forgiven) a debt you owed, or because an identifiable event has occurred that either is or is deemed to be a discharge of a debt of $600 or more.  If a creditor has discharged a debt you owed, you are required to include the discharged amount in your income, even if it is less than $600, on the "Other income" line of your Form 1040.  However, you may not have to include all of the cancelled debt in your income.  There are exceptions and exclusions, such as bankruptcy and insolvency.  *See* Pub. 4681, available at IRS.gov.

C.F.R. § 1024.36, and a Request for Information pursuant to 12 C.F.R. § 1024.36 and 15 U.S.C. § 1641(f)(2).

40.     The Request for Information requested, *inter alia*, an accurate statement of the total outstanding balance that would be required to pay Walsh's obligation in full.

41.     On August 16, 2016, Fay Servicing responded to Walsh's Request for Information, acknowledging receipt of the information request.

42.     Moreover, on August 16, 2016, Fay Servicing responded to Walsh's Request for Information, providing "***Total Amount to Pay Loan in Full*** $116,154.60."

43.     On October 16, 2016, Walsh obtained her Trans Union Credit Report only to discover Fay Servicing continued to furnish inaccurate information regarding the Mortgage.

44.     Specifically, Walsh discovered Fay Servicing falsely reported Walsh's current balance as $170,738.00 – up from $115,659.00.

| Account Name | Balance | Balance Date | Monthly Payment | Term |
|---|---|---|---|---|
| ⌄ FAYFINANCIAL | $115659 | 09/06/2016 | $1269 | 360 |

| | Account Details | Payment Status |
|---|---|---|

| | Changes | Latest Report 10/16/2016 | Previous Report 10/13/2016 |
|---|---|---|---|
| Account Number | | 644000012**** | 644000012**** |
| Condition | | Open | Open |
| Responsibility | | Individual | Individual |
| Current Balance | ⓘ | $170738 | $115659 |
| Original Balance | | $164920 | $164920 |
| Limit | | $0 | $0 |
| Monthly Payment | | $1269 | $1269 |
| Last Payment | ⓘ | 09/07/2016 | 08/08/2016 |
| Status | | OK | OK |
| Loan Term | | 360 | 360 |
| Loan Type | | Conventional real estate mortgage | Conventional real estate mortgage |
| Opened | | 01/31/2005 | 01/31/2005 |
| Reported | ⓘ | 10/05/2016 | 09/06/2016 |
| Remarks | ⓘ | Balloon payment | |
| Creditor Information | | FAY FINANCIAL<br>939 W NORTH AVE<br>CHICAGO, IL<br>60642<br>Phone#: 3127800007 | FAY FINANCIAL<br>939 W NORTH AVE<br>CHICAGO, IL<br>60642<br>Phone#: 3127800007 |

45.     On November 14, 2016, Walsh, through counsel, mailed Fay Servicing a Notice of Error pursuant to 12 C.F.R. § 1024.35 asserting violations of 12 C.F.R. §§ 1024.34(b)(5), 1024.34(b)(6), and 1024.35(b)(2) for failing to furnish accurate account balance information – attaching Fay Servicing's August 16, 2016 payoff statement.

46.     On November 17, 2016, Fay Servicing responded to Walsh's Notice of Error, acknowledging receipt of the Notice of Error.

47.     On December 19, 2016, Walsh obtained her Equifax and Trans Union credit reports to discover that Fay Servicing continued to furnish inaccurate information regarding this Mortgage – specifically, that Fay Servicing continued to falsely report Walsh's balance as $170,415.00 – significantly more than $115,659.00.

48.     On December 20, 2016, Walsh mailed the CRAs dispute letters (Dispute #2) identifying each item disputed (i.e., balance), stating the facts and explaining why she disputed the

information, and requesting that it be corrected. Walsh enclosed a copy of Fay Servicing's August 16, 2016 payoff letter.

49.    On December 28, 2016, Fay Servicing mailed Walsh a payoff statement, stating "***Total Amount to Pay Loan in Full*** $170,681.55" – significantly more than $115,659.00.

50.    On December 29, 2016, Fay Servicing responded to Walsh's Notice of Error, seemingly overlooking that Chase mailed Walsh a Form 1099-C, Cancellation of Debt, cancelling, discharging, or forgiving $83,100.00; instead, asserting a non-interest bearing deferred balance of $55,400.00.

51.    On January 3, 2017, Synchrony Bank mailed Walsh a correspondence stating, "[b]ased on a recent review of your account, SYNCHRONY BANK has decided to lower the credit limit on your TJX Rewards® Platinum MasterCard® account to $3,540.00.

52.    On January 11, 2017, Equifax responded to Walsh's Dispute #2, mailing Walsh its reinvestigation results, re-reporting Walsh's balance as $170,415.00.

53.    On January 17, 2017, Experian responded to Walsh's Dispute #2, mailing Walsh its reinvestigation results, updating Walsh's balance to be $169,438.00.

54.    On information and belief, Trans Union failed to provide its reinvestigation results to Walsh.

55.    Nevertheless, on January 17, 2017, Fay Servicing reported Walsh's "balance" as $169,438.00 on Walsh's January 25, 2017 Trans Union credit report.

56.    On January 25, 2017, Walsh mailed the CRAs dispute letters (Dispute #3) identifying each item disputed (i.e., balance), stating the facts and explaining why she disputed the information, and requesting that it be corrected. Again, Walsh enclosed a copy of Fay Servicing's August 16, 2016 payoff letter.

57.     On February 9, 2017, Experian mailed Walsh its reinvestigation results, re-reporting Walsh's balance as $169,438.00.

58.     On Feb 27, 2017, Trans Union mailed Walsh its reinvestigation results, deleting Walsh's Fay Servicing trade line.

59.     On March 13, 2017, Synchrony Bank mailed Walsh a correspondence stating "[b]ased on a recent review of your account, SYNCHRONY BANK has lowered your [Amazon.com Store Card account] credit line to $3,350.00."

### Impact of Chase and Fay Servicing's inaccurate furnishing of information to Equifax, Experian, and Trans Union

60.     To date, Equifax and Experian's inaccurate reporting of the Mortgage account continues to paint a false and damaging picture of Walsh by adversely affecting Walsh's debt-to-income ratio, and by failing to demonstrate Walsh's timely monthly mortgage payment history.

61.     This entire experience has imposed distrust, distress, embarrassment and frustration on Walsh; leaving Walsh helpless to regain control of her credit standing and creditworthiness.

62.     This entire experience has resulted in expenditure of considerable time and out-of-pocket expense and anxiety and mental anguish.

## <u>CLAIMS FOR RELIEF</u>

### Count I:
### Fay Servicing's violation(s) of 15 U.S.C. § 1681 *et seq.*

63.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

64.     The aforementioned credit reports are "consumer reports" as defined by 15 U.S.C. § 1681a(d)(1).

A.     **Fay Servicing's failure to conduct an investigation**

65.     15 U.S.C. § 1681s-2(b)(1) provides

"[a]fter receiving notice of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

(A) Conduct an investigation with respect to the disputed information;

(B) Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2);

(C) Report the results of the investigation to the consumer reporting agency;

(D) If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly –

(i)     Modify that item of information;

(ii)     Delete that item of information; or

(iii)     Permanently block the reporting of that item of information.

66.     Upon information and belief, pursuant to 15 U.S.C. § 1681i(a)(2), Fay Servicing received Dispute #2 and Dispute #3 from the CRAs.

67.     Fay Servicing violated 15 U.S.C. § 1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information.

68.     Fay Servicing violated 15 U.S.C. § 1681s-2(b)(1)(B) by failing to review all relevant information provided by the credit reporting agencies.

69.     Had Fay Servicing conducted a reasonable investigation to determine whether the disputed information was inaccurate, Fay Servicing would have discovered Walsh's Form 1099-C, Cancellation of Debt, and promptly modified those items of information, deleted those items of information or permanently blocked the reporting of that item of information.

70.     Fay Servicing violated 15 U.S.C. § 1681s-2(b)(1)(C) by failing to report the results of the investigation to the consumer reporting agencies.

71.     Fay Servicing violated 15 U.S.C. § 1681s-2(b)(1)(E) by failing to promptly modify that item of information; delete that item of information; or permanently block the reporting of that item of information.

72.     15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

    (A)     any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

 (2)     such amount of punitive damages as the court may allow; and

 (3)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

73.     15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)     any actual damages sustained by the consumer as a result of the failure; and

(2)     in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

74.     Fay Servicing's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Walsh, and the injuries suffered by Walsh are attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Walsh requests the following relief:

A.      find Fay Servicing in violation of 15 U.S.C. §§ 1681s-2(b)(1)(A), 1681s-2(b)(1)(B), 1681s-2(b)(1)(C), and 1681s-2(b)(1)(E).

B.      award any actual damages to Walsh as a result of Fay Servicing's violation;

C.      award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.      award any punitive damages, as the Court may allow;

E.      award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.      award such other relief as this Court deems just and proper.

**Count II**
**Equifax's violation(s) of 15 U.S.C. § 1681 *et seq.***

75.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**A.      Equifax's failure to follow reasonable procedures**

76.     The FCRA mandates "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."  15 U.S.C. § 1681e(b).

77.     On multiple and numerous occasions, Equifax prepared patently inaccurate consumer reports concerning Walsh.

78.     Despite actual notice, Equifax sold such patently inaccurate consumer reports to one or more third parties, thereby misrepresenting Walsh's creditworthiness.

79.     Equifax violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Walsh.

**B.      Equifax's failure to conduct a reasonable investigation**

80.     The FCRA mandates "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly *** the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.  15 U.S.C. § 1681i(1)(A).

81.     The FCRA further mandates "[i]f, after any reinvestigation of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or

cannot be verified, the consumer reporting agency shall – (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer. 15 U.S.C. §§ 1681i(5)(A)(i) and (ii).

82. Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which Equifax received Dispute #2 and Dispute #3 from Walsh.

83. Equifax violated 15 U.S.C. § 1681i(a)(2) by failing to provide notification of the dispute to Fay Servicing before the expiration of the 5-business-day period beginning on the date on which Equifax received Dispute #2 and Dispute #3 from Walsh.

84. Equifax violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Walsh before the end of the 30-day period beginning on the date on which Equifax received Dispute #2 and Dispute #3 from Walsh.

85. Equifax violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete that item of information from the file of Walsh, or modify that item of information, as appropriate, based on the results of the reinvestigation.

86. Equifax violated 15 U.S.C. § 1681c(f) by failing to indicate Walsh's dispute(s) in each consumer report that includes the disputed information.

87. 15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

  (A)  any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

 (2)  such amount of punitive damages as the court may allow; and

 (3)  in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

88.  15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)  any actual damages sustained by the consumer as a result of the failure; and

(2)  in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

89.  Equifax's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Walsh, and the injuries suffered by Walsh are attended by circumstances of fraud, malice, and wanton and willful conduct, calling for the imposition of punitive damages.

**WHEREFORE**, Walsh requests the following relief:

A.  find Equifax in violation of 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4), 1681i(a)(5)(A)(i), and 1681c(f).

B.  award any actual damages to Walsh as a result of Equifax's violation;

C.      award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.      award any punitive damages, as the Court may allow;

E.      award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.      award such other relief as this Court deems just and proper.

**Count III**
**Experian violation(s) of 15 U.S.C. § 1681 *et seq.***

90.      All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**A.      Experian's failure to follow reasonable procedures**

91.      The FCRA mandates "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

92.      On multiple and numerous occasions, Experian prepared patently inaccurate consumer reports concerning Walsh.

93.      Despite actual notice, Experian sold such patently inaccurate consumer reports to one or more third parties, thereby misrepresenting Walsh's creditworthiness.

94.      Experian violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Walsh.

**B.      Experian's failure to conduct a reasonable investigation**

95.      The FCRA mandates "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the

consumer notifies the agency directly *** the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.  15 U.S.C. § 1681i(1)(A).

96.     The FCRA further mandates "[i]f, after any reinvestigation of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall – (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.  15 U.S.C. §§ 1681i(5)(A)(i) and (ii).

97.     Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which Experian received Dispute #2 and Dispute #3 from Walsh.

98.     Experian violated 15 U.S.C. § 1681i(a)(2) by failing to provide notification of the dispute to Fay Servicing before the expiration of the 5-business-day period beginning on the date on which Experian received Dispute #2 and Dispute #3 from Walsh.

99.     Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Walsh before the end of the 30-day period beginning on the date on which Experian received Dispute #2 and Dispute #3 from Walsh.

100.    Experian violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete that item of information from the file of Walsh, or modify that item of information, as appropriate, based on the results of the reinvestigation.

101.    Experian violated 15 U.S.C. § 1681c(f) by failing to indicate Walsh's dispute(s) in each consumer report that includes the disputed information.

102.    15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

   (A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)    such amount of punitive damages as the court may allow; and

(3)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

103.    15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)    any actual damages sustained by the consumer as a result of the failure; and

(2)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

104.     Experian's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Walsh, and the injuries suffered by Walsh are attended by circumstances of fraud, malice, and wanton and willful conduct, calling for imposition of punitive damages pursuant.

WHEREFORE, Walsh requests the following relief:

A.     find Experian in violation of 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4), 1681i(a)(5)(A)(i), and 1681c(f).

B.     award any actual damages to Walsh as a result of Experian's violation;

C.     award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.     award any punitive damages, as the Court may allow;

E.     award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.     award such other relief as this Court deems just and proper.

**Count IV**
**Trans Union's violation(s) of 15 U.S.C. § 1681 *et seq.***

105.     All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

**A.     Trans Union's failure to follow reasonable procedures**

106.     The FCRA mandates "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

107.    On multiple and numerous occasions, Trans Union prepared patently inaccurate consumer reports concerning Walsh.

108.    Despite actual notice, Trans Union sold such patently inaccurate consumer reports to one or more third parties, thereby misrepresenting Walsh's creditworthiness.

109.    Trans Union violated 15 U.S.C. § 1681e(b) by failing to follow reasonable procedures to assure maximum possible accuracy of the information concerning Walsh.

**B.      Trans Union's failure to conduct a reasonable investigation**

110.    The FCRA mandates "if the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly *** the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer.  15 U.S.C. § 1681i(1)(A).

111.    The FCRA further mandates "[i]f, after any reinvestigation of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall – (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer.  15 U.S.C. §§ 1681i(5)(A)(i) and (ii).

112.    Trans Union violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current

status of the disputed information, or delete the item from the file before the end of the 30-day period beginning on the date on which Trans Union received Dispute #2 from Walsh.

113.    Trans Union violated 15 U.S.C. § 1681i(a)(2) by failing to provide notification of the dispute to Fay Servicing before the expiration of the 5-business-day period beginning on the date on which Trans Union received Dispute #2 from Walsh.

114.    Trans Union violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by Walsh before the end of the 30-day period beginning on the date on which Trans Union received Dispute #2 from Walsh.

115.    Trans Union violated 15 U.S.C. § 1681i(a)(5)(A)(i) by failing to promptly delete that item of information from the file of Walsh, or modify that item of information, as appropriate, based on the results of the reinvestigation.

116.    Trans Union violated 15 U.S.C. § 1681c(f) by failing to indicate Walsh's dispute in each consumer report that includes the disputed information.

117.    15 U.S.C. § 1681n provides "[a]ny person who willfully fails to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)

      (A)    any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000.

(2)    such amount of punitive damages as the court may allow; and

(3)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

118.    15 U.S.C. § 1681o provides "[a]ny person who is negligent in failing to comply with any requirement imposed under [the FCRA] with respect to any consumer is liable to that consumer in an amount equal to the sum of -

(1)    any actual damages sustained by the consumer as a result of the failure; and

(2)    in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court.

119.    Trans Union's complete indifference as to its obligations under the FCRA reveal a conscious disregard for the rights of Walsh, and the injuries suffered by Walsh are attended by circumstances of fraud, malice, and wanton and willful conduct, calling for imposition of punitive damages.

**WHEREFORE**, Walsh requests the following relief:

A.    find Trans Union in violation of 15 U.S.C. §§ 1681e(b), 1681i(a)(1)(A), 1681i(a)(2), 1681i(a)(4), 1681i(a)(5)(A)(i), and 1681c(f).

B.    award any actual damages to Walsh as a result of Trans Union's violation;

C.    award any additional damages, as the Court may allow, in an amount not to exceed $1,000.00 for each such violation;

D.    award any punitive damages, as the Court may allow;

E.    award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

F.    award such other relief as this Court deems just and proper.

**Count V:**
**Fay Servicing's violation(s) of 12 C.F.R. § 1024 et seq.**

120.    All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

121.    Fay Servicing violated 12 C.F.R. § 1024.35(i)(1) by furnishing adverse information to the CRAs within sixty (60) days receipt of Walsh's notice of error.

122.    12 U.S.C. § 2605(f) provides "[w]hoever fails to comply with any provision of [RESPA] shall be liable to the borrower for each such failure in the following amounts:

(1)    Individuals.  In the case of any action by an individual, an amount equal to the sum of –

(A)    Any actual damages to the borrower as a result of the failure; and

(B)    Any additional damages, as the court may allow,  in the case of a pattern or practice of noncompliance with the requirements of [RESPA] in an amount not to exceed $2,000.00.

(3)    In addition to the amounts under paragraphs (1) or (2), in the case of any successful action under this section, the costs of the action, together with any attorneys' fees incurred in connection with such action as the court may determine to be reasonable under the circumstances.

WHEREFORE, Walsh requests the following relief:

a.    find Fay Servicing in violation of 12 C.F.R. § 1024.35(i)(1);

b.    award any actual damages to Walsh as a result of Fay Servicing's failure;

c.    award any additional damages, as the Court may allow, in an amount not to exceed $2,000.00;

d.   award the costs of the action, together with any attorneys' fees incurred in connection with such action as the Court may determine to be reasonable under the circumstances; and

e.   award such other relief as this Court deems just and proper.

Dated June 25, 2018                                    Respectfully submitted,

                                                      */s/ Joseph Scott Davidson*

                                                      Joseph Scott Davidson
                                                      Mohammed Omar Badwan
                                                      **SULAIMAN LAW GROUP, LTD.**
                                                      2500 South Highland Avenue
                                                      Suite 200
                                                      Lombard, Illinois 60148
                                                      +1 630-575-8181
                                                      jdavidson@sulaimanlaw.com
                                                      mbadwan@sulaimanlaw.com

                                                      *Counsel for Tammy Walsh*